UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RODERICK AND AMELIA HICKMAN                                  PLAINTIFFS

v.                                                   CIVIL ACTION NO. 3:17-CV-00184-CRS

STATE FARM PROPERTY &                                             DEFENDANT
CASUALTY INS. CO.

## MEMORANDUM OPINION

This matter is before the court on motion of Plaintiffs Roderick and Amelia Hickman for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a)(2). (DN 24.) The court will **GRANT IN PART** and **DENY IN PART** the motion.

### I. BACKGROUND

At all times relevant to their claim, Plaintiffs Roderick and Amelia Hickman ("the Hickmans"), husband and wife, were insured under a renter's policy issued by Defendant State Farm Fire and Casualty Company ("State Farm") that provided, in part, coverage for property loss or damage caused by both fire and theft. (Compl., DN 1-1, ¶ 7.) Plaintiffs allege that in March of 2016, a theft was committed at the location subject to this policy. (*Id.*, ¶ 10.) Plaintiffs further allege that Roderick Hickman made a timely claim under the policy in the amount of approximately $56,340.00. (*Id.*, ¶ 11.)

State Farm denied the Hickmans's claim, stating that the Hickmans had violated the "Concealment or Fraud" conditions of their insurance contract. (DN 26, Exh. 1.) State Farm explained, by letter to the Hickmans's attorney, that coverage was denied because an investigation into the Plaintiffs' claim "revealed they intentionally made material

misrepresentations, gave false statements and/or fraudulent statements, all with the intent to conceal or misrepresent material facts and circumstances with this loss." (*Id.*)

In response, the Hickmans filed a Complaint in Jefferson Circuit Court claiming breach of contract, bad faith and unfair claims practices. (Compl., DN 1-1.) State Farm removed the action to this court on the basis of diversity jurisdiction. (DN 1.) Plaintiffs now seek leave to file an amended complaint to add counts for a Kentucky Consumer Protection Act (KCPA) violation, declaratory judgment, defamation, and punitive damages. (Pl.'s Mot. Am. Compl., DN 24.)

## II. DISCUSSION

A court should freely grant leave to amend a pleading when justice so requires. Fed.R.Civ.P. 15(a)(2). A district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant State Farm has no objection to Plaintiffs filing an amended complaint containing KCPA, declaratory judgment, and punitive damages counts. Furthermore, the court is not aware of any basis for denial, considering the abovementioned factors articulated in *Foman*, or for any other reason. Therefore, the court will grant Plaintiffs' motion to amend the complaint to add counts for the KCPA claim, declaratory judgment, and punitive damages.

State Farm does, however, object to Plaintiffs adding a claim for defamation on the grounds that this amendment would be futile. A proposed amendment is deemed to be futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v.*

*Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382 (6th Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not contain detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Even accepting Plaintiffs' factual allegations as true, the court finds that a defamation claim could not survive a 12(b)(6) motion to dismiss and therefore adding the count of defamation would be futile. Defendant argues, and the court agrees, that Plaintiffs have failed to allege facts sufficient to meet the elements of a common law defamation claim. In Kentucky, defamation consists of four elements:

> (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (citing Restatement (Second) of Torts § 558 (1977)). State Farm argues that the Hickmans's tendered amended complaint, attached to their motion for leave to file an amended complaint, does not sufficiently allege the second element of defamation, that of an unprivileged publication to a third party.

The Plaintiffs' proposed amended complaint states the following:

That by letter dated March 7, 2017, and not in relation to a proceeding that was contemplated in good faith or serious consideration, State Farm published correspondence accusing Amelia Hickman of fraud and of making statements with the intent to deceive in her examination under oath which it specifically knew were false.[1]

---

[1] The March 7 letter does not specify that Amelia Hickman was the party that made fraudulent statements. The letter states: "Mr. and Mrs. Hickman gave inconsistent testimony… This was done with the intent to deceive State Farm…" (Pl.'s Reply, DN 26, Ex. 1.)

(Pl.'s Mot. Am. Compl., DN 24-2, ¶ 31.) While this letter was not attached as an exhibit to the Complaint, both parties produced this letter in subsequent briefing on the matter. (Def.'s Resp., DN 25-1.; Pl.'s Reply, DN 26.) The court will therefore conclude that the March 7 letter provided by the parties is the letter cited in the proposed Amended Complaint. Further, the court properly may consider this letter when determining whether Plaintiffs failed to state a claim under 12(b)(6). *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

The March 7 letter is addressed to Charles C. Hagan, Jr., ("Hagan"), Plaintiffs' attorney at the time this letter was sent. (DN 26.) Plaintiffs' proposed amended complaint does not allege that this letter was sent to any other person than Hagan or any location other than the address printed on the letter, presumably the address of Hagan's law office. Therefore, because the proposed amended complaint states "[t]hat by letter dated March 7, 2017… State Farm published correspondence," and because nowhere do the pleadings state otherwise, the court finds that the Plaintiffs allege that defamatory statements were published to Plaintiffs' attorney. Plaintiffs do not dispute this.

Defendant State Farm directs this court to the holding in *Snyder v. AG Trucking*, which found that statements made to a party's attorney are not considered publication for purposes of defamation. 57 F.3d 484, 489-90 (6th Cir. 1995) ("[P]ublication to plaintiff's attorney is not publication to a third party, at least when the communication pertains to the matter for which the attorney was retained."). The Sixth Circuit reached this conclusion by examining Ohio agency law, particularly a case from the Supreme Court of Ohio which held that "notice to an attorney of facts affecting his or her client's rights will be considered notice to the client." *Id*. at 489.

(summarizing *American Expert & Inland Coal Corp. v. Matthew Addy Co.*, 147 N.E. 89, 91 (Ohio 1925)).

The *Snyder* Court further held that this interpretation of notice to an attorney under Ohio agency law is consistent with the absolute privilege Ohio affords to statements made during a judicial proceeding. *See Hecht v. Levin*, 613 N.E.2d 585, 587 (Ohio 1993) ("A statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears."). In fact, the Sixth Circuit recognized that strictly confining absolute privilege to judicial proceedings is unreasonable: "It would not make sense for [ ] statements to be absolutely privileged if given in a deposition or interrogatory, but actionable when given voluntarily to plaintiff's attorney before the initiation of litigation." *Snyder*, 57 F.3d at 490.

Plaintiffs object to the holding in *Snyder* on the basis that it applies Ohio law, but fail to provide a single case or authority to support their contention that Kentucky courts would reach a different conclusion. While Kentucky case law on the precise issue before the court is scarce, a review of Kentucky laws of defamation, agency, and privilege reveals similarities to Ohio laws on the same, upon which the *Snyder* Court relied. Specifically, Kentucky and Ohio both apply the Restatement (Second) of Torts definition of defamation, particularly in the requirement that publication be unprivileged. *See Toler*, 458 S.W.3d at 282; *see also Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.*, 611 N.E.2d 955, 962 (Ohio 1992) (citing Restatement (Second) of Torts § 558 (1977)).

Next, just as the Ohio court in *American Expert*, found that notice to an agent is considered notice to the principal, Kentucky courts have held that same. *See Martin v. Provident Life & Acc. Ins. Co.*, 47 S.W.2d 524, 526 (Ky. Ct. App. 1932) ("[T]he fiction of legal identity

prevails only while the agent is acting for his principal and within the apparent scope of his authority as agent."); *see also Bramblett v. Henderson*, 41 S.W. 575, 576 (Ky. Ct. App. 1896) ("It may be stated as a general proposition that notice to the agent is, in contemplation of law, notice to the principal."). Plaintiffs do not dispute that Hagan was their attorney acting in the scope of his authority.

Further, Kentucky, like Ohio, has adopted the theory of absolute privilege for communications made during judicial proceedings. *See, e.g., Smith v. Hodges*, 199 S.W.3d 185, 189 (Ky. Ct. App. 2005) ("The absolute immunity afforded to defamatory statements made in the course of a judicial proceeding has a long history in this Commonwealth."); *See also Shmitt v. Mann*, 163 S.W.2d 281, 284 (Ky. Ct. App. 1942) ("A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto.") (citing American Law Institute's Restatement of the Law of Torts, volume 3, section 58).

In light of the similarities between Kentucky and Ohio law on defamation, agency, and absolute privilege, and in the absence of case law to the contrary, this court will interpret publication of allegedly defamatory statements made to a plaintiff's attorney consistently with the Sixth Circuit's analysis in *Snyder*. This interpretation therefore leads this court to conclude that Plaintiffs have not alleged an unprivileged communication such that a defamation claim could survive a 12(b)(6) motion to dismiss.

In the alternative, Plaintiffs attempt to argue that, since Hagan was the Hickmans's agent, and notice to an agent is notice to a principal, then publication to Amelia Hickman constituted publication to her spouse, a third party, and vice versa. Again, Plaintiffs do not provide any

authority to guide this court's analysis. Nevertheless, this argument is not persuasive because both Hickmans claim to have been defamed by the March 7 letter. "The notion of 'publication' is a term of art, and defamatory language is 'published' when it is intentionally or negligently communicated to someone *other than the party defamed*." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 794 (Ky. 2004) (emphasis added). Other courts have held that jointly accused parties are not "third parties" for purposes of publication. *See, e.g.*, *Starnes v. St. Joseph Ry., Light, Heat & Power Co.*, 52 S.W.2d 852, 854 (Mo. 1932) ("The wife, being thus accused jointly with her husband, was not a third party within the meaning of the law of publication.")

Lastly, Plaintiffs' defamation claim cannot be preserved through the vague, generalized assertions of potential defamation alleged in the pleadings. Plaintiffs' proposed amended complaint states, "That in connection with the aforesaid claim, State Farm made or may have made additional defamatory statements concerning one or more plaintiffs, as discovery will reveal." (Pl.'s Mot. Am. Compl., DN 24-2, ¶ 39.) This allegation is insufficient to withstand a motion to dismiss because it is not "plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. This court finds the allegation that "State Farm made or may have made additional defamatory statements" is merely a "sheer possibility."

Under the analysis of the Sixth Circuit in *Snyder*, as well as the similarities in Kentucky and Ohio law on issues of defamation, agency, and privilege, the court holds that Plaintiffs' defamation claim could not survive a Rule 12(b)(6) motion to dismiss and therefore is futile. Additionally, vague allegations of potential defamatory statements about Plaintiffs made to unspecified third parties are insufficient to state a claim upon which relief can be granted.

Therefore, the court will deny Plaintiffs' motion to amend its complaint to add a defamation claim.

### III. CONCLUSION

For the reasons set forth above, the court will **GRANT IN PART** Plaintiffs' motion for leave to file an amended complaint in regards to the counts for violation of the KCPA, declaratory judgment, and punitive damages. The court will **DENY IN PART** Plaintiffs' motion for leave to file an amended complaint in regards to the count of defamation.

An order will be entered in accordance with this opinion.

November 28, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**